IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN CHESS, LOIS CHESS, BRUCE CALLANDER, JEFF DRAWDY and SUSAN DRAWDY, | ) ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| -vs- | ) ) | Case No. CIV-18-1093-F |
| RICHARD E. ROMINE, an individual; STRIKER ENTITIES, LLC, a Wyoming limited liability company; and DOES 1-10, inclusive, | ) ) ) ) ) ) | |
| Defendants/Counter-Claimants, | ) ) | |
| THE STRIKER GROUP, LLC, STRIKER DEVELOPMENT, LLC, STRIKER 2004, LLC, STRIKER 2005, LLC, and STRIKER 2008, LLC, | ) ) ) ) ) ) | |
| Intervening Defendants/ Counter-Claimants. | ) ) | |

**<u>ORDER</u>**

Before the court is Defendants' Motion for Summary Judgment, filed May 2, 2019. Doc. no. 60. Plaintiffs have responded to the motion and defendants have replied. Upon due consideration, the court makes its determination.

<u>Background</u>

Plaintiffs originally commenced this action in the Superior Court of the State of California, County of San Francisco. In their petition, plaintiffs alleged claims of common-law fraud and violation of the California Business and Professions Code

("Cal. Bus. & Prof. Code") § 17200 against defendants, Richard E. Romine ("Romine"), Striker Entities, LLC and Does 1-10,[1] arising from their purchase of ownership units in certain partnerships organized for the purpose of conducting oil and gas operations.

Defendants, Romine and Striker Entities, LLC, removed the action to the United States District Court for the Northern District of California, San Francisco Division. The case was assigned to Magistrate Judge Jacqueline Scott Corley. Thereafter, defendants filed a motion to dismiss plaintiffs' complaint, pursuant to Rule 9(b), Rule 12(b)(6) and Rule 12(b)(7), Fed. R. Civ. P., or alternatively, to transfer the action to this court pursuant to 28 U.S.C. § 1404(a). After all parties consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c), Magistrate Judge Corley entered an order granting defendants' motion to transfer. Because the action was being transferred to this court, Magistrate Judge Corley declined to rule on the motion to dismiss.

After transfer, this court entered an order denying the motion to dismiss. Subsequently, The Striker Group, LLC, Striker Development, LLC, Striker 2004, LLC, Striker 2005, LLC, and Striker 2008, LLC, moved, under Rule 24, Fed. R. Civ. P., to intervene as defendants. The unopposed motion was granted. All defendants then filed answers to the complaint and alleged counterclaims of breach of contract/anticipatory repudiation and fraud against plaintiffs. By way of their breach of contract/anticipatory repudiation counterclaims, defendants seek to collect on promissory notes executed by plaintiffs relating to the purchase of ownership units in the partnerships managed by defendants.

---

[1] Plaintiffs' action against defendants, Does 1-10, has recently been dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

Defendants now seek summary judgment under Rule 56(a), Fed. R. Civ. P., with respect to plaintiffs' claims and defendants' counterclaims for breach of contract/anticipatory repudiation.² Defendants argue that summary judgment is appropriate on plaintiffs' claims for two reasons: (1) the claims are barred by the statute of limitations; and (2) two essential elements of the claims – false representation and damages – cannot be established. As to their breach of contract/anticipatory repudiation counterclaims, defendants argue that summary judgment is warranted because the promissory notes are valid and enforceable contracts as to which no viable defense exists.

Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Rule 56(a), Fed. R. Civ. P. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In deciding whether summary judgment is appropriate, the court does not weigh the evidence and determine the truth of the matter asserted, but only determines whether there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. A fact is "material" if under the substantive law it is essential to

---

² In their counterclaims, defendants seek to collect on promissory notes executed by plaintiffs in 1998 through 2008. Doc. nos. 45 and 48, ¶15. The enforceability of promissory notes executed in 1998 through 2003 is the subject of other actions before the court, CIV-18-508-F, CIV-18-509-F, CIV-18-510-F and CIV-18-1046-F. For purposes of summary judgment, defendants seek only to collect on promissory notes executed by plaintiffs in 2004, 2005 and 2008. Doc. no. 60, ECF pp. 7, 24-25 and n. 13. Although the promissory notes have yet to mature, defendants assert that plaintiffs have anticipatorily repudiated their payment obligations under them. *Id*. at ECF p. 7.

3

the proper disposition of the claim. *Id.* In adjudicating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party. McGehee v. Forest Oil Corporation, 908 F.3d 619, 624 (10th Cir. 2018).

Plaintiffs' Claims

A. Statute of Limitations

Plaintiffs' complaint alleges a common-law fraud claim and a statutory claim under Cal. Bus. & Prof. Code § 17200. Defendants' motion raises a choice-of-law question with respect to plaintiffs' claims as well as their counterclaims: whether California law or Oklahoma law applies. Doc. no. 60, ECF pp. 12-16. As to plaintiffs' claims, defendants assert that California law and Oklahoma law conflict on the issue of the statute of limitations. *Id.* at ECF pp. 14-15. California law recognizes a three-year statute of limitations for a common-law fraud claim, Cal. Civ. Pro. Code § 338(d), and a four-year statute of limitations for the statutory claim, Cal. Bus. & Prof. Code § 17208. On the other hand, Oklahoma law recognizes a two-year statute of limitations for a common-law fraud claim, 12 O.S. 2011 §95(A)(3) and a three-year statute of limitations for a statutory claim, 12 O.S. 2011 § 95(A)(2).[3] However, defendants contend that it is not necessary to decide which law applies because plaintiffs' claims are barred either way.

---

[3] Under both California law and Oklahoma law, an action for relief on the ground of fraud does not begin to accrue until discovery of the fraud. Cal. Civ. Proc. Code § 338(d); 12 O.S. 2011 § 95(A)(3).

For summary judgment purposes, the court agrees with defendants that it not necessary to decide whether California law or Oklahoma law applies to plaintiffs' claims, and specifically, the issue of statute of limitations.[4]

Initially, the court concludes that defendants are not entitled to summary judgment on the claims of plaintiffs, Bruce Callander, Jeff Drawdy and Susan Drawdy, based upon the statute of limitations.

In their motion, defendants contend that plaintiffs' common-law fraud and statutory claims are time-barred because the Internal Revenue Service ("IRS") issued its formal report on the tax audit involving Program 2007-A[5] on February 10, 2012, more than six years before the date plaintiffs filed suit. According to defendants, plaintiffs were clearly on notice of their common-law fraud and statutory claims, based on future tax audits or tax deduction disallowances, on or shortly after February 10, 2012. However, the evidentiary record pertaining to defendants' motion does not indicate when plaintiffs, Bruce Callander, Jeff Drawdy and Susan Drawdy, received notice of this report. Thus, the court cannot say as a matter of law that these plaintiffs' claims are time-barred.

Additionally, the claims of Mr. Callander, Mr. Drawdy, and Ms. Drawdy are not limited to allegations that Romine falsely represented that "[f]or tax purposes,

---

[4] The court notes that even though the choice-of-law as to plaintiffs' claims, and specifically, the issue of the statute of limitations, need not be decided for adjudication of defendants' summary judgment motion, a decision on choice-of-law will be required for trial. The papers before the court do not provide a thorough analysis on the question. If the parties, after conferring in good faith, cannot stipulate to the applicable law for plaintiffs' claims, defenses thereto and any other related issues, the parties' trial briefs must analyze the issue and the parties' proposed jury instructions must include instructions for both California law and Oklahoma law.

[5] Program 2007-A was a partnership purportedly managed by Striker 2007-A, LLC. It was also organized for the purpose of conducting oil and gas operations. Plaintiff, Stephen Chess, and his company, Chess Connect, Inc., were two investors in the partnership and executed promissory notes in connection with their investments. In its report, the IRS determined that the investors were not permitted to claim tax deductions for the amounts of the promissory notes.

5

Plaintiffs would be entitled to deduct both the cash invested in each program as well as the amount on the face of each promissory note," and that "[t]he structure of these investments had been vetted and would withstand IRS scrutiny." Doc. no. 1-1, ¶13(b) and ¶ 13(e). In their complaint, plaintiffs also allege that Romine falsely represented that "the promissory notes . . . did not reflect the actual obligations of Plaintiffs to Defendants[,]" "Plaintiffs would never be obligated to make any additional payments to Defendants or the program entities, other than the initial cash invested in each program[,]" and "the notes would not be recourse and any obligations under those notes would be funded from operating income earned by wells drilled using the cash investments." *Id*. at ¶ 13(a) and ¶ 13(c). From review of the evidentiary record in plaintiffs' favor, the court concludes that genuine issues of material fact exist as to whether Mr. Callander, Mr. Drawdy and Ms. Drawdy, had notice, at least two years prior to the filing of their complaint, that the promissory notes would not be fully repaid from operating income; that the promissory notes were recourse; and that they would be obligated to pay additional amounts to defendants.

As to plaintiffs, Stephen Chess and Lois Chess, the evidentiary record does show that they received notice of the IRS report in 2012. Doc. no. 67, ex. 1, Affidavit of Lois Chess, ¶ 6; Affidavit of Stephen M. Chess, ¶ 7. To the extent these plaintiffs seek relief relating to the investment by Mr. Chess and Chess Connect, Inc., in Program 2007-A, the court agrees that the statute of limitations bars such relief.

The court also agrees that the claims of Stephen Chess and Lois Chess, to the extent they are based upon future tax audits or tax deduction disallowances, are barred by the statute of limitations. The basis of their claims is the IRS report in 2012. Plaintiffs had notice of that report in 2012. The court rejects plaintiffs' arguments that the Schedule K-1s, issued after the report, regarding the other partnerships were "continuing" fraud or wrongs to support their claims. The

6

Schedule K-1s issued after the 2012 report concerning the other partnerships reported program income, not note-based deductions. Doc. no. 60, exs. 6, 8 and 10. The note-based deductions were reported and taken in the first year of each program and the latest program at issue is the 2008 program. The Schedule K-1 for that program was issued years before the 2012 IRS report.

However, the claims of Mr. and Mrs. Chess, like the claims of the other plaintiffs, are also based upon Romine's alleged false representations that the "promissory notes . . . did not reflect the actual obligations of Plaintiffs to Defendants[,]" that "Plaintiffs would never be obligated to make any additional payments to Defendants or the program entities, other than the initial cash invested in each program[,]" and that "the notes would not be recourse and any obligations under those notes would be funded from operating income earned by wells drilled using the cash investments." Doc. 1-1 at ¶ 13(a) and ¶ 13(c). The court concludes that genuine issues of material fact exist as to whether plaintiffs Stephen Chess and Lois Chess had notice, at least two years prior to the filing of the complaint, that the promissory notes would not be fully repaid from operating income; that the promissory notes were recourse; and that they would be obligated to pay additional amounts to defendants based upon the promissory notes.

B. <u>False Representation</u>

Defendants additionally posit that plaintiffs cannot establish a false representation to support their claims because any representations made by Romine regarding the tax benefits plaintiffs would receive have, in fact, proven true. According to defendants, plaintiffs did receive tax deductions equal to their total investment amounts in the first year of each drilling program. They also assert that no tax audits have occurred, and any further tax audits are time-barred.

Viewing the evidentiary record in a light most favorable to plaintiffs, the court concludes that defendants are entitled to summary judgment with respect to

7

plaintiffs' claims based upon an alleged false representation or omission by defendants regarding tax-related issues. Plaintiffs have failed to proffer evidence sufficient to raise a genuine issue of material fact as to whether Romine falsely represented that "[f]or tax purposes, Plaintiffs would be entitled to deduct both the cash invested in each program as well as the amount on the face of each promissory note," and that "[t]he structure of the investments had been vetted and would withstand IRS scrutiny" or that he omitted to say that "[t]he programs had been properly vetted as tax shelters and would put Plaintiffs at risk for IRS audits and resulting penalties and interest." Doc. no. 1-1, ¶ 13(b), ¶ 13(e) and ¶14(a). The evidentiary record indicates that plaintiffs did take tax deductions for the total amount of their investments. To date, none of defendants' drilling partnerships/programs have been audited, other than Program 2007-A. Plaintiffs have not presented any evidence, other than the report of the tax audit of Program 2007-A, to establish that their tax investments in the other partnerships/programs are at risk and could result in penalties and interest. The court concludes that the 2012 report, in and of itself, is not adequate to raise a genuine issue of material fact that the partnership/programs at issue will be subject to future tax audits. There is evidence that the IRS was aware of the other programs at the time of the Program 2007-A. Doc. no. 60, ex. 19, Affidavit of Richard Romine, ¶ 20. There is no evidence that the IRS has audited or intends to audit any of the subject partnerships/programs. Further, Plaintiffs' "concern[] that the IRS might audit" the programs and "the IRS might reach similar conclusions"[6] about their investments is not sufficient to defeat summary judgment. Consequently, the court concurs with

---

[6] Doc. no. 67, ex. 1, plaintiffs' affidavits, ECF p. 4, ¶ 7, ECF p. 9, ¶ 8, ECF p. 14, ¶ 9 , ECF p. 19, ¶ 9, and ECF p. 24, ¶ 8.

8

defendants that plaintiff cannot establish an essential element of their claims – an actionable false representation (or omission) with respect to tax-related issues.

However, as previously discussed, plaintiffs' claims are also based upon false representations relating to the executed promissory notes. Upon review of the evidentiary record in plaintiffs' favor, the court concludes that plaintiffs have proffered evidence sufficient to raise genuine issues of material fact as to whether Romine made false representations to plaintiff regarding the promissory notes, *i.e.*, that they were not the actual obligations of plaintiffs to defendants, that they were non-recourse and that plaintiffs would never be obligated to make any additional payments to defendants. *See*, Doc. no. 67, ex. 1, Affidavit of Lois Chess, ¶¶ 2-4; Affidavit of Stephen M. Chess, ¶¶ 2-3, 5; Affidavit of Susan A. Drawdy, ¶¶ 2-3; Affidavit of Jeffrey A. Drawdy, ¶¶ 2-3; and Affidavit of Bruce Callander, ¶¶2, 4. Hence, the court concludes that defendants are not entitled to summary judgment on plaintiffs' claims based upon false representations regarding the executed promissory notes.

C. Damages

Defendants also contend that they are entitled to summary judgment because plaintiffs cannot establish damages for their claims.

Upon review of the record in a light most favorable to plaintiffs, the court concludes that plaintiffs have proffered evidence sufficient to raise genuine issues of material fact as to whether they have suffered damages with respect to their claims based upon false representations regarding the promissory notes. The court therefore concludes that defendants are not entitled to summary judgment as to plaintiffs' claims relating to the promissory notes. Those claims shall proceed to trial.

D. Summary

For the reasons stated, defendants are entitled to summary judgment under Rule 56(a) as to plaintiffs' claims based on false representations or omissions

regarding tax-related issues. Defendants are not entitled to summary judgment under Rule 56(c) as to plaintiffs' claims based on false representations regarding the promissory notes.

Defendants' Counterclaims

Defendants allege breach of contract/anticipatory repudiation counterclaims against plaintiffs. According to defendants, plaintiffs executed promissory notes as part of their investments in the drilling partnerships/programs in 2004, 2005 and 2008. Defendants assert that plaintiffs have declared their intention to refuse to perform their obligations on the promissory notes even though they have not matured.

Defendants argue that they are entitled to summary judgment on their counterclaims because the promissory notes are valid and enforceable and none of the plaintiffs have any valid defense to defendants' right to payment of the promissory notes. Plaintiffs, in response, argue that the promissory notes are not enforceable due to lack of consideration and fraudulent inducement.

A. Lack of Consideration

Upon review of the evidentiary record in a light favorable to plaintiffs, the court finds that plaintiffs have failed to raise a genuine issue of material fact with respect to a lack of consideration for the promissory notes.

Although plaintiffs have presented evidence of the IRS audit of Program 2007-A, which disallowed the tax deductions of Stephen Chess and Chess Connect, Inc., plaintiffs have not presented evidence to raise a genuine issue of material fact that their tax deductions for investing in the other programs are illusory. The IRS audit did not involve the other partnerships/programs, the notes or the tax deductions at issue. There is no evidence in the record that the IRS has audited or intends to audit the other partnerships/programs. The court is not satisfied that plaintiffs "concern[] that the IRS might audit" the programs and "the IRS might reach similar

10

conclusions"[7] is adequate to raise a genuine issue of material fact as to whether the promissory notes at issue lack consideration.

B. <u>Fraudulent Inducement</u>

As to the defense of fraudulent inducement, the court finds that plaintiffs have proffered evidence to raise genuine issues of material fact sufficient to avoid summary judgment on the counterclaims. Specifically, the evidentiary record, viewed in plaintiffs' favor, is sufficient to raise genuine issues of material fact as to whether (1) Romine made a material, false representation – that the promissory notes would be fully repaid from revenues from the drilling program, the promissory notes were non-recourse, and that plaintiffs would have no obligation for additional payments to defendants;[8] (2) Romine made the representation with knowledge of falsity, or recklessly without any knowledge of its truth, and as a positive assertion; (3) Romine made the representation with intention that it be acted upon by plaintiffs; and (4) plaintiffs actually relied upon the representation to their injury. <u>Johnson v. Eagle</u>, 355 P.2d 868, 870 (Okla. 1960).

Initially, the court rejects defendants' argument that plaintiffs cannot rely upon their fraudulent inducement defense because 12A O.S. § 3-305(a)(1) only allows a defense of "fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential

---

[7] Doc. no. 67, ex. 1, plaintiffs' affidavits, ECF p. 4, ¶ 7, ECF p. 9, ¶ 8, ECF p. 14, ¶ 9 , ECF p. 19, ¶ 9, and ECF p. 24, ¶ 8.

[8] The court concludes that plaintiffs have not proffered evidence sufficient to raise a genuine issue of material fact that Romine made a material, false representation in promoting the subject programs as a source of valid tax deduction. (That tax-related benefit of the program is a benefit wholly separate from the benefit of the opportunity to receive income from production, or the benefit of never having to pay the notes from personal resources.) The evidentiary record, even viewed in a light most favorable to plaintiffs, does not show that plaintiffs' tax deductions are not valid.

terms."[9] The fraud defense in § 3-305(a)(1) is "fraud in the factum." *See*, Federal Deposit Ins. Corp. v. Aetna Cas. & Sur. Co., 947 F.2d 196, 203 (6th Cir. 1991); Exchange Intern. Leasing Corp. v. Consolidated Business Forms Co., Inc., 462 F. Supp. 626, 628 (W.D. Pa. 1978); Exportkreditnämnden v. Fleming Building Company, Inc., 2014 WL 11532283, * 7-8 (N.D. Okla. Sept. 16, 2014). Plaintiffs are not asserting fraud in the factum. Rather, they are asserting fraudulent inducement. Section 3-305(a)(2) of Title 12A of the Oklahoma Statutes permits "a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract." 12A O.S. 2011 § 3-305(a)(2). In Oklahoma, fraudulent inducement is a defense to a simple contract. Johnson v. Eagle, 355 P.2d 868, 870 (Okla. 1960). The court recognizes that under 12A O.S. 2011§ 3-305(b), the "holder in due course" is not subject to the § 3-305(a)(2) defense of the obligor "against a person other than the holder." However, the record does not indicate that any of the defendants is a holder in due course. Even if each defendant were a holder in due course, defendants are the "holder" of plaintiffs' promissory notes. Plaintiffs' defense of fraudulent inducement is against defendants and based upon their conduct. 2 White, Summers, & Hillman, Uniform Commercial Code § 18.29 (6th ed.) ("[T]he holder in due course is sure to take free only of personal defenses that do not arise from his own behavior. As we have seen, the payee of a note can be a holder in due course and yet, if the maker has a defense against *him*, be subject to all of the maker's defenses.") (emphasis in original). Consequently, the court concludes that defendants may be subject to plaintiffs' fraudulent inducement defense.

---

[9] Because the notes at issue are negotiable instructions, they are subject to the requirements of the Uniform Commercial Code. *See*, Wells Fargo Bank, N.A. v. Heath, 280 P.3d 328, 333 (Okla. 2012).

In addition, the court rejects defendants' contention that the fraudulent inducement defense is eliminated because plaintiffs accepted the benefits of the notes, *i.e.*, the tax deductions. Defendants cite 15 O.S. 2011 § 75 in support of this contention. That statute provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it *so far as the facts are known, or ought to be known to the person accepting*." § 75 (emphasis added). In light of plaintiffs' assertions as to Romine's material, false representation to plaintiffs, a matter which for purposes of summary judgment must be viewed in plaintiffs' favor, the court concludes that a genuine issue of material fact exists as to whether the "facts [were] known, or ought to [have been] known" to plaintiffs in accepting the tax benefits.

Lastly, in their papers, defendants argue that plaintiffs cannot rely upon any prior oral representations purportedly made by Romine to them because the prior oral representations are directly contradictory of the plain language of the written contracts. The court recognizes that under the parol evidence rule, written agreements entered into by the parties supersede all pre-contract negotiations and prior oral communications. *See*, First Nat. Bank in Durant v. Honey Creek Entertainment Corp., 54 P.3d 100, 103 (Okla. 2002). However, "[i]t is well-established in Oklahoma that the parol evidence rule does not preclude evidence of false and fraudulent representations of fact offered to establish fraud in the inducement of the execution of a contract, even when those representations directly contradict the contract provisions." *Id*. at 104. Thus, plaintiffs can rely upon the alleged oral false representations of Romine, regarding the promissory notes, as evidence in support of their fraudulent inducement defense to defendants' breach of contract/anticipatory repudiation counterclaims.

13

C.  Amount Due on Promissory Notes

Plaintiffs, in their briefing, also argue that summary judgment is not appropriate because there is a dispute between the parties as to the balance due and owing on the notes. Defendants do not address this argument other than to say that production of documents is not a condition of the notes' enforceability. As the court is denying summary judgment on defendants' counterclaims based upon the fraudulent inducement defense, the court does not need to decide whether a genuine issue of material fact exists as to the balance of the notes because of an absence of documentation other than the Schedule K-1 documents.

Conclusion

For the reasons stated, Defendants' Motion for Summary Judgment, filed May 2, 2019 (doc. no. 60), is **GRANTED** as to plaintiffs' claims based on alleged false representations or omissions regarding tax-related issues; is **DENIED** as to plaintiffs' claims based on alleged false representations regarding the promissory notes; and is **DENIED** as to defendants' counterclaims for breach of contract/ anticipatory repudiation.

IT IS SO ORDERED this 11th day of July, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-1093p010_rev.docx

14